IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                                                                                                    No. CR 05-0185  JB

ROBERT JACOB STEVENS,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

       **THIS MATTER** comes before the Court on: (i) the Defendant's Sentencing Memorandum -- Objections and Clarifications, filed July 7, 2005 (Doc. 27); (ii) Supplement to Defendant's Sentencing Memorandum, filed July 19, 2005 (Doc. 30); and (iii) Amended Supplement to Defendant's Sentencing Memorandum, filed July 26, 2005 (Doc. 31). The primary issues are (i) whether the incidents set forth in paragraphs 54 and 55 of the Presentence Report ("PSR") are related cases; (ii) whether the incident contained in paragraph 59 is conduct that is part of the instant offense; and (iii) whether the Court should find that a criminal history category of VI over represents the seriousness of his criminal record. For the reasons that the Court stated on the record, and consistent with those reasons, the Court overrules Defendant Robert Jacob Stevens' objection to the PSR's paragraphs 54 and 55, but will sustain Stevens' objection to paragraph 59.

**ANALYSIS**

       Stevens contends that the conviction identified in the PSR's paragraph 55 is a related case to the conviction identified in paragraph 54. Stevens contends that he purchased the illegal substance that he possessed on his arrest on July 15, 2004 (¶ 55), with money he obtained from stealing the

wallet on May 29, 2004 (¶ 54).  The Court finds that these incidents are not "related" under the Guidelines and will, therefore, overrule Stevens' objection to paragraphs 54 and 55 of the PSR.  See United States v. Kinney, 915 F.2d 1471, 1472-73 (10th Cir. 1990); U.S.S.G. § 4A1.2 n.3 (defining "Related Cases").

The Court will, however, sustain Stevens' objection to paragraph 59.  Stevens did not bring this objection to the United States', the Court's, or Probation's attention until the day of the hearing.  According to Stevens, because the incident contained in paragraph 59 occurred at the same time as the instant offense, it should not be considered under the Guidelines when determining his criminal history.  At the sentencing hearing, the Court found that the United States had the burden of proof establishing that the offenses were not related.  See United States v. Wilson, __ F.3d __, 2005 WL 1693999, at *1-2 (10th Cir. 2005); United States v. Torres, 182 F.3d 1156, 1159-62 (10th Cir. 1999).  Because, however, Stevens did not raise this objection until the day of the sentencing, the Court provided the United States with an opportunity to continue the sentencing to afford adequate time to assemble additional information.  See Transcript of Hearing at 17:14 - 21:10 (taken July 29, 2005).[1]  The United States declined the Court's invitation to continue the sentencing, explaining that all of the evidence which the United States had to support the incidents was already before the Court.  See id. at 22:13-18.  Accordingly, the Court proceeded to sentencing and sustained Stevens' objection to paragraph 59.  See id. at 23:7-10.  The Court determined that the United States had not met its burden of showing, by a preponderance of the evidence, that the two incidents were not related.

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any finalized transcript may contain slightly different page and/or line numbers.

Because the resulting criminal history category is now V, Stevens withdrew his remaining argument that criminal history category VI over represents the seriousness of his criminal record. See id. at 23:11-15.

**IT IS ORDERED** that Robert Jacob Stevens' objections are overruled in part and sustained in part.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

David Iglesias
  United States Attorney
Amy Sirignano
  Assistant United States Attorney
Albuquerque, New Mexico

 *Attorneys for the Plaintiff*

Susan Bronstein Dunleavy
  Federal Public Defender's Office
Albuquerque, New Mexico

 *Attorney for the Defendant*